IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


RONALD H. FLEMING,
    Petitioner,

vs.                                              Case No.:  3:04cv343/MCR/EMT

JAMES CROSBY, JR.,
    Respondent.
_____/

**REPORT AND RECOMMENDATION**

    Before the court is an amended petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 7).[1]  Respondent filed a motion to dismiss the petition as untimely (Doc. 17). Petitioner filed a reply (Doc. 19).  This matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(b).  After careful consideration, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter.  It is further the opinion of the undersigned that the pleadings and attachments before the court show that Petition is not entitled to relief.

    On September 11, 1991, following a jury trial, Petitioner was convicted in the Circuit Court in and for Escambia County, Florida, of first degree murder (*see* Doc. 7 at 1-2).  He was sentenced to life imprisonment (*id*. at 1).  Petitioner appealed his conviction and sentence to the Florida First District Court of Appeals ("First DCA").  In a written decision filed September 27, 1993, the First DCA affirmed the conviction, with the mandate issuing November 17, 1993 (Doc. 17, Exs. A, B). Fleming v. State, 624 So.2d 797 (Fla. 1st DCA 1993).  Petitioner sought certiorari review by the

---

[1] Petitioner originally filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241in the United States District Court for the Middle District of Florida (*see* Doc. 1, attached documents filed in the Middle District).  The matter was transferred to the Northern District by order of the Honorable Timothy J. Corrigan issued on September 29, 2004 (Doc. 1).  This court subsequently directed that the case be reclassified as brought under 28 U.S.C. § 2254 (*see* Doc. 3).

Florida Supreme Court, but review was denied on February 16, 1994. Fleming v. State, 634 So.2d 623 (Fla. 1994) (Table).

On September 27, 1995, Petitioner filed a motion for postconviction relief, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Doc. 17, Ex. C at 9-50). An evidentiary hearing was held on May 14, 1999 on two of the issues raised by Petitioner (*see id.* at 62-63; Doc. 17, Ex. D). On July 20, 1999 the trial court denied the postconviction motion (Doc. 17, Ex. D). Petitioner appealed the decision to the First DCA, and the appellate court affirmed per curiam without opinion on April 11, 2001, with the mandate issuing May 23, 2001 (*id.*, Exs. E, F). Fleming v. State, 785 So.2d 474 (Fla. 1st DCA 2001) (Table).

During the pendency of the appeal of the first Rule 3.850 motion, Petitioner filed a second Rule 3.850 motion on July 28, 1999, based upon newly discovered evidence, consisting of testimony of four individuals that another person bragged to them about actually committing the murder for which Petitioner was convicted (*see* Doc. 17, Ex. G at 314-24). Following an evidentiary hearing, the state court denied the motion on November 27, 2000 (*id.* at 325-32). Petitioner appealed the decision to the First DCA, and the appellate court affirmed per curiam without opinion on February 18, 2002, with the mandate issuing March 6, 2002 (Doc. 17, Exs. K, L). Fleming v. State, 808 So.2d 216 (Fla. 1st DCA 2002) (Table).

On April 9, 2002, Petitioner filed a petition for writ of habeas corpus in the First DCA (Doc. 17, Ex. M). The state court denied the petition on May 10, 2002, and denied Petitioner's motion for rehearing on June 28, 2002 (*see* Doc. 17, Ex. N). Fleming v. State, 821 So.2d 1059 (Fla. 1st DCA 2002) (Table). Petitioner appealed the denial to the Florida Supreme Court, but the appeal was dismissed on September 23, 2002. Fleming v. State, 828 So.2d 385 (Fla. 2002) (Table).

On March 10, 2003, Petitioner filed a motion to correct illegal sentence in the trial court, pursuant to Rule 3.800 of the Florida Rules of Criminal Procedure (Doc. 17, Ex. O). The state court denied the motion on March 17, 2003 (Doc. 17, Ex. P). Petitioner appealed the denial to the First DCA, and the appellate court affirmed per curiam without opinion on July 16, 2003, with the mandate issuing September 15, 2003 (Doc. 17, Exs. R, S). Fleming v. State, 853 So.2d 412 (Fla. 1st DCA 2003) (Table).

Petitioner filed the instant habeas action on September 14, 2004 (*see* Doc. 1, attached petition filed in Middle District). He challenges his conviction on the ground that he is "actually innocent" of the murder for which he was convicted, as evidenced by the statements of four individuals, made several years after Petitioner's trial, that a person other than Petitioner bragged about committing the murder (*see* Doc. 7 at 4). Respondent contends the petition should be dismissed as untimely.

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, 110 Stat. 1214, which became effective on April 24, 1996, a one year period of limitation applies to the filing of habeas petitions by person in custody pursuant to a state court judgment. The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(1).

In the instant case, Petitioner has not asserted that a government-created impediment to his filing existed, or that any of his claims are based on a right newly recognized by the Supreme Court. However, his claim purportedly involves newly discovered evidence, therefore, this Court must determine the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence.

As previously noted, Petitioner's claim of newly discovered evidence asserts that four individuals, namely, James Solle, Curtis Johnson, Larry Emmons, and James Wallace, stated that another individual, Claude Wilkins, admitted to the murder for which Petitioner was convicted (*see* Doc. 7 at 4). Petitioner states he presented this "new evidence" to the state court in his second

postconviction motion filed on July 28, 1999 (*see* Doc. 8 at 5).  Thus, Petitioner became aware of the factual predicate of his federal claim on that date, at the very latest.

Having determined that the one-year federal limitations period began to run on July 28, 1999, this Court must next determine whether the limitations period was tolled pursuant to statutory or equitable tolling principles.

Section 2244(d)(2) provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the instant case, the limitations period was tolled from July 28, 1999 to March 6, 2002, during the pendency of Petitioner's second Rule 3.850 motion.  The limitations period ran for a period of thirty-three (33) days from March 7, 2002 to April 9, 2002, the date Petitioner filed his state petition for writ of habeas corpus.  The period was tolled from April 9, 2002, to September 23, 2002, during the pendency of Petitioner's state habeas action.  The limitations period then ran for a period of one hundred sixty-eight (168) days from September 24, 2002 to March 10, 2003, when Petitioner filed his motion to correct illegal sentence.  The period was tolled from March 10, 2003 to September 15, 2003, during the pendency of Petitioner's motion to correct illegal sentence.  The limitations period then ran for a period of three hundred sixty-five (365) days until Petitioner filed the instant federal habeas action.[2]  Thus it is clear that the instant habeas action was filed well beyond the one-year limitations period.

Petitioner does not allege grounds for equitable tolling of the limitations period; however, he asserts he is entitled to review of his claim for two reasons:  (1) he filed his petition pursuant to section 2241, not 2254, therefore, the one-year filing requirement does not apply, and (2) he is actually innocent of the crime of which he was convicted.

Initially, the fact that Petitioner originally filed this action pursuant to section 2241 does not exempt him from the one-year filing deadline of section 2254.  It is undisputed that Petitioner is a state prisoner challenging his state conviction, therefore, his petition is subject to the restrictions and

---

[2]This Court takes judicial notice of the fact that 2004 was a "leap year," thus, the month of February had 29 days.

Case No.:  3:04cv343/MCR/EMT

requirements of section 2254. *See* Thomas v. Crosby, 371 F.3d 782, 785-877 (11th Cir. 2004) (citing Medberry v. Crosby, 351 F.3d 1049 (11th Cir. 2003), *cert. denied,* ___ U.S. ___, 124 S.Ct. 2098, 158 L.Ed.2d 7114 (2004)).

Additionally, even if this Court determined that Petitioner made a colorable showing of actual innocence, he is not entitled to federal habeas relief. Petitioner's sole ground for relief is "Petitioner is actually innocent of the offense of conviction and is therefore being held for a crime which he did not commit." (Doc. 7 at 4). Petitioner supports his claim with an allegation that four witnesses came forward six years after Petitioner's trial and stated that another man, Claude Wilkins, admitted to committing the murder for which Petitioner was convicted.

In addressing a similar claim of actual innocence, the United States Supreme Court articulated the context in which such claims come before a federal habeas court:

> A person when first charged with a crime is entitled to a presumption of innocence, and may insist that his guilt be established beyond a reasonable doubt. Other constitutional provisions also have the effect of ensuring against the risk of convicting an innocent person. . . . All of these constitutional safeguards, of course, make it more difficult for the State to rebut and finally overturn the presumption of innocence which attaches to every criminal defendant. But we have also observed that "[d]ue process does not require that every conceivable step be taken, at whatever cost, to eliminate the possibility of convicting an innocent person." Patterson v. New York, 432 U.S. 197, 208, 97 S.Ct. 2319, 2326, 53 L.Ed.2d 281 (1977). To conclude otherwise would all but paralyze our system for enforcement of the criminal law.
>
> Once a defendant has been afforded a fair trial and convicted of the offense for which he was charged, the presumption of innocence disappears.
> . . . .
> Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceedings . . . . This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution -- not to correct errors of fact.
> . . . .
> Few rulings would be more disruptive of our federal system than to provide for federal habeas review of freestanding claims of actual innocence.

Herrera v. Collins, 506 U.S. 390, 398-401, 113 S.Ct. 853, 859-861, 122 L.Ed.2d 203 (1993) (citations omitted).

In the instant case, Petitioner does not allege an independent claim of constitutional error at trial, but instead argues he is entitled to habeas relief because newly discovered evidence shows that his conviction is factually incorrect.  However, the fundamental miscarriage of justice exception applies only where the petitioner "supplements his constitutional claim with a colorable showing of factual innocence," not where the petitioner makes a freestanding claim of actual innocence. Kuhlmann v. Wilson, 477 U.S. 436, 454, 106 S.Ct. 2616, 2627, 91 L.Ed.2d 364 (1986) (plurality opinion) (emphasis added); *see also* Brownlee v. Haley, 306 F.3d 1043, 1065 (11th Cir. 2002) (petitioner alleged no independent constitutional violation relating to trial witness' recantation, therefore, he was not entitled to federal habeas relief).

Furthermore, Petitioner's reliance on Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) is misplaced.  In Jackson, the Supreme Court held that a federal habeas court may review a claim of insufficiency of the evidence at trial. *Id.*  However, in so holding, the Court emphasized:
> [T]his inquiry does not require a court to "ask itself whether *it* believes that the evidence at trial established guilt beyond a reasonable doubt."  Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.

Jackson, 443 U.S. at 318-19, 99 S.Ct. at 2789 (citations omitted).  The Court additionally noted, "the standard announced . . . does not permit a court to make its own subjective determination of guilt or innocence."  *Id.* at 320 n.13, 99 S.Ct. at 2789 n.13.

The type of federal review authorized by the Court in Jackson is substantially different than the review sought by Petitioner in the instant case.  Initially, the purpose of review in Jackson was to determine whether an independent constitutional violation occurred at trial, specifically, whether the evidence adduced at trial established guilt beyond a reasonable doubt.  443 U.S. at 317-18, 99 S.Ct. at 2788 (citing In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970)).  Additionally, review under Jackson is limited to "record evidence," and does not extend to newly discovered evidence which was not part of the trial record. *Id.* at 318, 99 S.Ct. at 2788.  Finally, "the Jackson inquiry does not focus on whether the trier of fact made the *correct* guilt or innocence

determination, but rather whether it made a *rational* decision to convict or acquit." Herrera, 506 U.S. at 402, 113 S.Ct. at 861.

In the instant case, Petitioner does not assert that an independent constitutional violation occurred at his trial, nor does he allege that the record evidence was insufficient to support his conviction. Therefore, he has failed to state a cognizable claim.

Furthermore, even if this Court liberally construed Petitioner's claim as asserting error in the second state postconviction proceeding, he is not entitled to relief. Petitioner claims that the state court violated his due process rights by "refus[ing] to afford any credibility to the four witnesses for Petitioner without any cause for refusing their testimony" (Doc. 7 at 4).

It is well established that where a federal habeas petitioner's claim goes to issues unrelated to the cause of his detention, that claim does not state a basis for habeas relief. Spradley v. Dugger, 825 F.2d 1566, 1568 (11th Cir.1987) (involving claims as to errors at a hearing on the petitioner's 3.850 motion); *see also* Nichols v. Scott, 69 F.3d 1255, 1275 (5th Cir.1995) ("An attack on a state habeas proceeding does not entitle the petitioner to habeas relief in respect to his conviction, as it is an attack on a proceeding collateral to the detention and not the detention itself.") (internal quotes omitted); Franzen v. Brinkman, 877 F.2d 26, 26 (9th Cir.1989) (agreeing with the majority view and holding that "a petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings"). "[W]hile habeas relief is available to address defects in a criminal defendant's conviction and sentence, an alleged defect in a collateral proceeding does not state a basis for habeas relief." Quince v. Crosby, 360 F.3d 1259, 1261-62 (11th Cir. 2004) (federal habeas review unavailable for claim of judicial bias in state collateral proceeding) (citing Spradley, 825 F.2d at 1568)).

In the instant case, although Petitioner contends the state court violated his due process rights during the second Rule 3.850 proceeding, he does not allege there was a deficiency in the state court proceeding that rendered it not full and fair; rather, he challenges the correctness of the state court's factual findings, including credibility determinations, and legal conclusions, specifically, the court's conclusion that the testimony of Solle, Johnson, Emmons, and Wallace was not "newly discovered" (*see* Doc. 7 at 4). As discussed *supra*, such a claim of constitutional error in a state postconviction proceeding is not cognizable on federal habeas review.

Case No.: 3:04cv343/MCR/EMT

Because Petitioner has failed to demonstrate he is entitled to federal habeas relief on his claim, the petition should be denied.

Accordingly, it is respectfully **RECOMMENDED**:

That the amended petition for writ of habeas corpus (Doc. 7) be **DENIED**.

At Pensacola this 25th day of March, 2005.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**